UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>CHIRSTOPHER MONGIELLO<br><br>　　　　　　　*Debtor.* | No. 23-22732 (CGM) |
| CHRISTOPHER MONGIELLO,<br><br>　　　　　　　*Appellant*,<br><br>　v.<br><br>HSBC BANK USA NA, *as Trustee for the LMT 2006-6 Trust Fund, a.k.a. HSBC Bank USA NA as Trustee for the Lehman Mortgage Trust Mortgage Pass-Through Certificates Series 2006-6*,<br><br>　　　　　　　*Appellee.* | No. 24-CV-2468 (KMK)<br><br>ORDER & OPINION |
| CHRISTOPHER MONGIELLO,<br><br>　　　　　　　*Appellant*,<br><br>　v.<br><br>INDYMAC BANK, F.S.B, *and* SHELLPOINT MORTGAGE SERVICING, LLC,<br><br>　　　　　　　*Appellees.* | No. 24-CV-2548 (KMK)<br><br>ORDER & OPINION |

Appearances:

Christopher Mongiello
Pelham Manor, NY
*Pro Se Debtor-Appellant*

Leisl Kerechek, Esq.
Stradley Ronon Stevens & Young, LLP
New York, NY
*Counsel for Appellee HSBC Bank USA NA*

KENNETH M. KARAS, United States District Judge:

Debtor Christopher Mongiello ("Appellant") appeals from orders of the Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") dismissing his bankruptcy case under Chapter 13 of the Bankruptcy Code for cause pursuant to 11 U.S.C. § 1307(c) ("Section 1307(c)") and his related adversary proceedings. (*See* Am. Not. of Appeal (Dkt. 24-CV-2468, No. 4); Not. of Appeal (Dkt. 24-CV-2548, No. 1).)[1] For the reasons stated below, the appeals are denied and the Bankruptcy Court's orders are affirmed.

I. Background

The Court assumes the Parties' familiarity with the factual background underlying Appellant's bankruptcy.[2] On October 5, 2023, Appellant filed a petition for bankruptcy. (*See* Ch. 13 Pet., In re Christopher Mongiello, No. 23-22732 (Bankr. S.D.N.Y.), Dkt. No. 1). On October 30, 2023, Appellant commenced two related adversary proceedings, one against HSBC ("HSBC Proceeding"), (*see* Compl., Mongiello v. HSBC Bank USA NA, No. 23-7032 (Bankr.

---

[1] Appellant's original notice of appeal addressed only the Bankruptcy Court's dismissal of the adversary proceeding. (*See generally* Not. of Appeal (Dkt. 24-CV-2468, No. 1).) The Amended Notice lists many more orders from which Appellant claims he is appealing. (*See* Am. Not. of Appeal 5–7.) In general, an appeal must be filed "within 14 days after the entry of the judgment, order, or decree being appealed." Fed. R. Bankr. P. 8002(a)(1). Not all of the orders from which Appellant appeals fall within this 14-day period. At bottom, Plaintiff is appealing the dismissal of his bankruptcy case and related adversary proceedings, and so the Court addresses the Bankruptcy Court's orders dismissing those actions.

[2] For a recounting of the factual background underlying this appeal, see Decision at 2–4, In re Christopher Mongiello, No. 23-22732 (Bankr. S.D.N.Y.), Dkt. No. 81 ("Bankr. Dismissal").

S.D.N.Y.), Dkt. No. 1), and another against IndyMac Bank ("IndyMac") and Shellpoint Mortgage Servicing ("Shellpoint") ("IndyMac Proceeding"), (*see* Compl., Mongiello v. IndyMac Bank, No. 23-7033 (Bankr. S.D.N.Y.), Dkt. No. 1).

On December 18, 2023, the Trustee filed a motion to dismiss the bankruptcy case. (*See* Mot. to Dismiss, In re Christopher Mongiello, No. 23-22732 (Bankr. S.D.N.Y.), Dkt. No. 28.) On January 19, 2024, the Bankruptcy Court granted a motion for relief from stay by Tiffany Eastman ("Eastman"). (*See* Order, In re Christopher Mongiello, No. 23-22732 (Bankr. S.D.N.Y.), Dkt. No. 43.) On March 12, 2024, Eastman joined in the Trustee's motion to dismiss. (*See* Statement, In re Christopher Mongiello, No. 23-22732 (Bankr. S.D.N.Y.), Dkt. No. 73.)

In early March 2024, Appellant filed a motion for summary judgment in the HSBC Proceeding. (*See* Mot. for Summary Judgment, Mongiello v. HSBC Bank USA NA, No. 23-7032 (Bankr. S.D.N.Y.), Dkt. No. 13; Am. Mot. for Summary Judgment, Mongiello v. HSBC Bank USA NA, No. 23-7032 (Bankr. S.D.N.Y.), Dkt. No. 14.)

On March 13, 2024, the Bankruptcy Court dismissed the bankruptcy case. (*See* Bankr. Dismissal.) On March 18, 2024, the Bankruptcy Court dismissed the HSBC Proceeding, (*see* Order, Mongiello v. HSBC Bank USA NA, No. 23-7032 (Bankr. S.D.N.Y.), Dkt. No. 19 ("HSBC Adversary Dismissal")), and the IndyMac Proceeding, (*see* Order, Mongiello v. IndyMac Bank, No. 23-7033 (Bankr. S.D.N.Y.), Dkt. No. 14 ("IndyMac Adversary Dismissal")).

On April 1, 2024, Appellant initiated an appeal of the bankruptcy case and the HSBC proceeding. (*See* Dkt. 24-CV-2468, No. 1.) On May 17, 2024, Appellant filed his brief. (*See* Appellant's Mem. in Supp. of Appeal (Dkt. 24-CV-2468, No. 9).) On June 12, 2024, the Court granted HSBC an extension to respond. (*See* Dkt. 24-CV-2468, No. 11.) On July 11, 2024, Appellant filed a "Statement of Non-Opposition" incorrectly claiming that HSBC had failed to

3

timely respond to the appeal.  (*See* Dkt 24-CV-2468, No. 15 at 2.)  On July 17, 2024, HSBC responded.  (*See* HSBC's Opp. to Appeal ("HSBC Opp.") (Dkt. 24-CV-2468, No. 14).)  On July 25, 2024, Appellant replied.  (*See* Appellant's Reply in Supp. of Appeal ("Appellant Reply") (Dkt. 24-CV-2468, No. 16).)

On April 3, 2024, Appellant initiated an appeal of the bankruptcy case and the IndyMac proceeding.  (*See* Dkt. 24-CV-2548, No. 1.)  On December 20, 2024, Appellant filed his brief.  (*See* Dkt. 24-CV-2548, No. 13.)  On February 20, 2025, Appellant refiled the same brief.  (*See* Dkt. 24-CV-2548, No. 14.)[3]

## II.  Discussion

A.  Standard of Review

District courts have jurisdiction to review final bankruptcy orders.  *See* 28 U.S.C. § 158(a)(1) ("The district courts of the United States shall have jurisdiction to hear appeals . . . from final judgments, orders, and decrees . . . of bankruptcy judges . . . ." (footnote omitted)); *In re DBSD N. Am., Inc.*, 634 F.3d 79, 88 (2d Cir. 2011) (noting that district courts have jurisdiction to "review all final judgments, orders, and decrees of the bankruptcy courts" (citation omitted)).  "[A] bankruptcy judge's order is final if it completely resolve[s] all of the issues pertaining to a discrete claim, including issues as to the proper relief."  *Pegasus Agency, Inc. v. Grammatikakis*

---

[3] The Court notes that Appellant's opening brief in his appeal of the HSBC Proceeding is identical to his opening brief in his appeal of the IndyMac Proceeding.  (*Compare* Appellant's Mem. in Supp. of Appeal ("Appellant Mem.") (Dkt. 24-CV-2468, No. 9) *with* Appellant's Mem. in Supp. of Appeal (Dkt. 24-CV-2548, No. 13).)  For clarity's sake, the Court will refer to Appellant's brief in Dkt. 24-CV-2468 because it is the earliest-filed instance of the brief and because the briefing in that action is further along—HSBC appeared and filed an opposition brief and Appellant responded, as opposed to Dkt. 24-CV-2548, in which neither appellee has appeared.  (*See generally* Dkt. 24-CV-2548.)  The Court deems the appeal in Dkt. 24-CV-2548 fully submitted.

*(In re Pegasus Agency, Inc.)*, 101 F.3d 882, 885 (2d Cir. 1996) (quotation marks omitted). "This Court may affirm, modify, or reverse a bankruptcy judge's judgment, order, or decree or remand with instructions for further proceedings." *In re DeFlora Lake Dev. Assocs., Inc.*, 629 B.R. 354, 358 (S.D.N.Y. 2021) (quotation marks omitted) (quoting *In re Bernard L. Madoff Inv. Sec., LLC*, No. 15-CV-1151, 2016 WL 183492, at *8 (S.D.N.Y. Jan. 14, 2016)).

Although district courts typically review a bankruptcy court's findings of fact for clear error and conclusions of law de novo, *see, e.g.*, *In re Enron Corp.*, 307 B.R. 372, 378 (S.D.N.Y. 2004), "[a] [b]ankruptcy [c]ourt's order dismissing a case is reviewed under an abuse of discretion standard," *Holt v. JPMorgan Chase Bank, N.A.*, No. 18-CV-3073, 2019 WL 452056, at *1 (S.D.N.Y. Feb. 5, 2019) (quoting *Lippman v. 340 E. 93rd St. Corp.*, No. 98-CV-6988, 1999 WL 97903, at *2 (S.D.N.Y. Feb. 24, 1999)); *accord In re Blaise*, 219 B.R. 946, 949–50 (B.A.P. 2d Cir. 1998) ("Use of the word 'may' [in Section 1307(c)] indicates that the decision to dismiss . . . is committed to the discretion of the bankruptcy court."); *In re Murray*, 565 B.R. 527, 530 (S.D.N.Y. 2017) ("Because a bankruptcy court's decision to dismiss for cause is guided by equitable principles, it is reviewed for abuse of discretion." (citing *In re Smith*, 507 F.3d 64, 73 (2d Cir. 2007))). "A bankruptcy court exceeds its allowable discretion where its decision (1) 'rests on an error of law (such as application of the wrong legal principle) or a clearly erroneous factual finding,' or (2) 'cannot be located within the range of permissible decisions,' even if it is 'not necessarily the product of a legal error or a clearly erroneous factual finding.'" *In re Smith*, 507 F.3d at 73 (alteration adopted) (quoting *Schwartz v. Aquatic Dev. Grp., Inc.*, 352 F.3d 671, 678 (2d Cir. 2003)). "As to the factual findings that underlie that decision, an abuse of discretion is deemed to occur only when such findings are clearly erroneous," *In re Blaise*, 219

B.R. at 950, that is, where there is a "definite and firm conviction that a mistake has been committed," *Anderson v. Bessemer City*, 470 U.S. 564, 573, (1985).

Where a Debtor-Appellant appeals pro se, the Court is "required to construe [the] pleadings 'liberally to raise the strongest arguments that they suggest.'" *In re Mongiello*, No. 24-CV-694, 2025 WL 227807, at *3 (S.D.N.Y. Jan. 17, 2025) (quoting *Amelio v. Piazza*, No. 19-CV-5944, 2020 WL 5535241, at *3 (S.D.N.Y. Sept. 15, 2020)).

B. Analysis

Appellant seeks to "an order reinstating the adversary complaint[s] against [HSBC, IndyMac, and Shellpoint]," (Appellant Mem. 11), and argues that the Bankruptcy Court's decision to dismiss the bankruptcy case and adversary proceedings was an abuse of discretion, (*id.* 30.) Appellant requests that, in the event his appeal is granted, that the Court "send [the actions] back to a different [bankruptcy court] judge because it is evident that [Appellant] will not receive a fair hearing from this judge who has been so poisoned by Eastman and her lawyers." (*Id.* 32.)

The Court addresses first the dismissal of the bankruptcy case, then the dismissal of the related adversary proceedings.

1. Dismissal of the Bankruptcy Case

The Bankruptcy Court dismissed the bankruptcy case pursuant to Section 1307(c) for unreasonable delay prejudicial to creditors and lack of good faith. (*See* Bankr. Dismissal 5–7.)

Appellant argues that the Bankruptcy Court's decision to dismiss the bankruptcy case was an abuse of discretion that "violated the whole purpose of the bankruptcy court, . . . that is, to give the debtor a fresh start." (Appellant Mem. 30.) Appellant also argues that dismissal of the bankruptcy case had a "negative impact on judicial economy," (*id.* 43), did not "aid[] in the

convenience to the parties," (*id.* 45), and would benefit Plaintiff and society at large, (*id.* 38–41). In essence, Appellant lobs numerous arguments that go to the two grounds on which the Bankruptcy Court dismissed the bankruptcy case: unreasonable delay prejudicial to creditors and lack of good faith. (*See* Bankr. Dismissal 5–7.) The Court considers in turn whether the Bankruptcy Court abused its discretion in relation to these two grounds.

### a. Unreasonable Delay

"Section 1307(c) of the Bankruptcy Code provides that 'on request of a party in interest or the United States trustee and after notice and a hearing, the court may convert a case under this chapter . . . or may dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause.'" *Wenegieme v. Macco*, 580 B.R. 17, 21 (E.D.N.Y. 2018) (quoting Section 1307(c)). Section 1307(c) "provides a non-exhaustive list of examples of grounds for 'for cause' dismissal," *id.*, which includes unreasonable delay by the debtor that is prejudicial to creditors, *see* 11 U.S.C. § 1307(c)(1).

The Bankruptcy Court found that Appellant "ha[d] failed to provide an updated schedule I/J that comport[ed] with the 341 meeting testimony taken by the Trustee" and "to file [] appropriate documentation," thereby "imped[ing] the Trustee from determining what [Appellant's] household budget might be and ma[king] it impossible for [the Trustee] to administer the case." (Bankr. Dismissal 6–7; *see also id.* 7 (characterizing documentation provided to the Court and Trustee by Appellant as containing "serious deficiencies").) The Bankruptcy Court noted at the time of its decision, 160 days post-petition, that "[Appellant's] financial picture [was] still not clear" and that "[t]his significant delay [was] unquestionably prejudicial to creditors." (*Id.* 7.)

Courts regularly find that a debtor's failure to provide the Trustee with necessary documentation constitutes unreasonable delay under Section 1307(c). *See, e.g.*, *Zulli v. Macco*, No. 23-CV-1920, 2024 WL 406552, at *4 (E.D.N.Y. Feb. 2, 2024) (in affirming the dismissal of a bankruptcy case, finding that "Appellant's failure to timely provide [required documentation] impeded the Trustee's ability to administer the Chapter 13 case and thus caused an unreasonable delay" and that the Appellant "fail[ed] to provide any explanation why [the documentation] could not have been provided in a timely manner"); *Miles v. Chase Bank*, No. 20-CV-4748, 2022 WL 842073, at *5 (E.D.N.Y. Jan. 24, 2022) ("Failure to file 'required financial documents' may constitute 'unreasonable delay' under Section 1307(c)(1)." (citing *In re Burgos*, 476 B.R. 107, 111 (Bankr. S.D.N.Y. 2012))); *Amelio v. Piazza*, No. 18-CV-8769, 2019 WL 5199600, at *4–5 (S.D.N.Y. Aug. 27, 2019) (affirming a bankruptcy court's dismissal of a bankruptcy case for, inter alia, delay in "produc[ing] documents"); *Holt*, 2019 WL 452056, at *1–2 (finding that a bankruptcy court did not abuse its discretion in dismissing a case for unreasonable delay where the creditor "failed to provide the required documentation"). Accordingly, the Court finds no reason to disturb the Bankruptcy Court's finding that Appellant's failure to provide appropriate documentation to the Trustee caused significant prejudicial delay.

Appellant makes a number of arguments in support of the contention that he did not cause unreasonable delay. These arguments include that the "schedules were correct[] and the continued dispute over their accuracy misled the [Bankruptcy Court] into believing they were inaccurate," (Appellant Reply 10), that Appellant's counsel in the bankruptcy case failed to amend the schedules, despite having the necessary financial records, (*id.* 10–11), and that "[t]here are no facts in support of the claim that the Debtor caused any delay to creditors," (*id.* 20). Simply stating that the Bankruptcy Court was wrong does not suffice to convince the Court

that the Bankruptcy Court's dismissal was an abuse of discretion—indeed, the Court finds the Bankruptcy Court's dismissal to be well founded. On the whole, Appellant's objections are conclusory and unsupported by any evidence and, as such, are "not grounds for reversal." *Miles*, 2022 WL 842073, at *7.

Accordingly, the Court finds that the Bankruptcy Court did not abuse its discretion in finding that Plaintiff's unreasonable delay prejudiced creditors.

### b. Lack of Good Faith

The Supreme Court has held that a debtor's bad faith conduct qualifies as cause to dismiss pursuant to Section 1307(c). *See Wenegieme*, 580 B.R. at 22 (citing *Marrama v. Citizens Bank of Mass.*, 549 U.S. 365, 373–74 (2007)). While "bad faith is not explicitly enumerated in Section 1307(c), it is well established that a lack of good faith may also be cause for . . . dismissal under [Section] 1307(c)." *Id.* (quotation marks omitted) (collecting cases). "A bankruptcy court's determination of 'bad faith' is a question of fact, and thus is reviewable under the clearly erroneous standard." *Id.* (citation omitted); *Miles*, 2022 WL 842073, at *3 (same).

"Evaluation of whether a debtor had 'bad faith in filing and maintaining a Chapter 13 case requires a careful examination of the totality of the circumstances on a case-by-case basis.'" *In re Campora*, No. 14-CV-5066, 2015 WL 5178823, at *11 (E.D.N.Y. Sept. 3, 2015) (quoting *In re Tornheim*, 239 B.R. 677, 686 (Bankr. E.D.N.Y. 1999)). "Bad faith may be found . . . where there is evidence of an intent to delay or frustrate the efforts of secured creditors to enforce their legitimate rights." *In re Worth*, No. 23-CV-3182, 2024 WL 776084, at *4 (S.D.N.Y. Feb. 26, 2024) (citation omitted). Additionally, courts consider whether the debtor "had an improper motive in seeking relief" or whether, "under the totality of the circumstances, the debtor has abused the provisions, purposes, and/or spirit of Chapter 13." *Id.* (internal quotation marks

omitted) (quoting *In re Plagakis*, No. 03-CV-728, 2004 WL 203090, at *4 (E.D.N.Y. Jan. 27, 2004)).[4]

The Bankruptcy Court found that Appellant "ha[d] not been forthcoming with his representations concerning debts, income, and expenses, and ha[d] continuously misrepresented the facts in his petition and motions," and cited as support its findings that "[Appellant] ha[d] used the Bankruptcy Court to aggressively pursue relief . . . for which there is no basis," Appellant's "inundat[ing] the [Bankruptcy] Court with motions requesting relief that [it] has no power to grant," and that "[a]ll of these motions have been filed in an attempt to defeat the state court litigation." (Bankr. Dismissal 7.)

The Court finds no clear error in the Bankruptcy Court's factual findings. The Court agrees that Appellant's attempt to use the bankruptcy case to circumvent state litigation "is not a proper bankruptcy purpose, and [attempting to do] so constitutes grounds for dismissal." *Miles*, 2022 WL 842073, at *5; *see also In re White*, No. 24-CV-442, 2024 WL 4850199, at *3 (D. Conn. Nov. 21, 2024) (noting that a finding of bad faith is warranted "where the debtor repeatedly invoked federal bankruptcy jurisdiction to thwart state . . . proceedings" (alterations

---

[4] Other circumstances in which courts have found bad faith include:

1) the debtor has few or no unsecured creditors; 2) the debtor has previously filed for bankruptcy; 3) the debtor's pre-petition conduct was improper; 4) the debtor's petition allows him or her to evade court orders; 5) the debtor has few debts to non-moving creditors; 6) the petition was filed on the eve of foreclosure; 7) the foreclosed property was the sole or major asset of the debtor; 8) no possibility exists for reorganization; 9) the debtor's income is insufficient to operate; 10) there is no pressure from non-moving creditors; 11) reorganization essentially involves the resolution of a two-party dispute; and 12) the debtor filed solely to obtain an automatic stay.

*In re Worth*, 2024 WL 776084, at *4 (quoting *In re Plagakis*, 2004 WL 203090, at *4).

adopted) (quotation marks omitted) (quoting *In re Plumeri*, 434 B.R. 315, 332–33 (S.D.N.Y. 2010))); *Bromfield v. U.S. Bank, Nat'l Ass'n*, No. 18-CV-249, 2019 WL 1011320, at *3 (D. Conn. Mar. 4, 2019) (affirming dismissal of a bankruptcy case where the bankruptcy court "found that [appellant] had filed for bankruptcy as a bad-faith attempt to delay the foreclosure proceedings on her home in state court"). Nor is inundating the Bankruptcy Court with requests for relief it cannot provide in keeping with the spirit of Chapter 13. *Cf. In re Worth*, 2024 WL 776084, at *4 (noting that courts consider whether the "debtor had an improper motive in seeking relief" as weighing in favor a finding of bad faith). Appellant "bears the burden of proving that the principal purpose behind [his] plan is consistent with the spirit and purpose of Chapter 13." *In re Makarchuk*, 76 B.R. 919, 924 (Bankr. N.D.N.Y. 1987). The Court's review of the record is consistent with that of the Bankruptcy Court—Appellant's actions before the Bankruptcy Court evince a principal purpose of "defeat[ing] the state court litigation." (Bankr. Dismissal 7.)

The Bankruptcy Court found that Appellant had submitted documentation that contained "serious . . . misrepresentations" and that he had "continuously misrepresented facts in his petition and motions." (*Id.* 7.) These misrepresentations are an independent basis on which to find bad faith. *See In re Lin*, 499 B.R. 430, 438 (Bankr. S.D.N.Y. 2013) (finding that a debtor's "lack of transparency regarding her financial situation" was a finding that weighed in favor of dismissal under Section 1307(c) for bad faith). Appellant's attempt to blame his former counsel for these misrepresentations, (*see* Appellant Reply 10–11), is unavailing. Specifically, Appellant's "efforts to blame his attorney for [Appellant's] failure to comply with [his] obligations" are stymied by the fact that Appellant "had a duty to read . . . documents before submitting them." *In re Feldman*, 597 B.R. 448, 459 (Bankr. E.D.N.Y. 2019) (collecting cases);

*see also In re Bello*, 528 B.R. 562, 568 (Bankr. E.D.N.Y. 2015) ("[C]lients must be held accountable for the acts and omissions of their attorneys.").

"Accordingly, the Bankruptcy Court did not abuse its discretion—or, indeed, err under any standard of review—in dismissing Appellant's bankruptcy case . . . ." *Holt*, 2019 WL 452056, at *3.

### 2. Dismissal of the Adversary Proceeding

Appellant argues that the Bankruptcy Court erred in dismissing the HSBC Proceeding and the IndyMac Proceeding while there was a pending motion for summary judgment in the HSBC Proceeding, and that dismissing both proceedings was unfair to Appellant. (*See* Appellant Mem. 32, 36, 48–51.) Appellant also argues that the Bankruptcy Court abused its discretion in dismissing the adversary proceedings just because the underlying bankruptcy was dismissed. (*See id.* 32.) HSBC argues that the HSBC Proceeding was properly dismissed. (*See* HSBC Opp. 13–15.)

"In the Second Circuit, the 'general rule' is that 'related proceedings ordinarily should be dismissed following the termination of the underlying bankruptcy case.'" *In re JJ Arch LLC.*, 663 B.R. 258, 290–91 (Bankr. S.D.N.Y. 2024) (quoting *In re Zarour*, No. 22-CV-3665, 2023 WL 315303, at *4 (S.D.N.Y. Jan. 19, 2023) (citing *In re Porges*, 44 F.3d 159, 162 (2d Cir. 1995))). Dismissal of related proceedings is a matter committed to a bankruptcy court's discretion, but the post-dismissal retention of related proceedings is a power that should be used "sparingly." *See In re Zarour*, 2023 WL 315303, at *4; *W. Vernon Energy Corp. v. Daniels*, No. 06-CV-2414, 2006 WL 1982772, at *3 (S.D.N.Y. June 19, 2006) ("[B]ecause federal jurisdiction is limited and cannot be manufactured, a bankruptcy court ought to exercise its discretion to retain an adversary proceeding after dismissal of a bankruptcy sparingly."). When

12

considering whether to retain jurisdiction, "a court is to consider four factors—namely, judicial economy, convenience to the parties, fairness[,] and comity." *In re Millenium Seacarriers, Inc.*, 458 F.3d 92, 96 (2d Cir. 2006) (internal quotations omitted). These factors are referred to as the *Porges* factors. *Id.* Crucially, "[a] court does not need to consider these factors explicitly." *Bromfield*, 2019 WL 1011320, at *3 (citing *In re Millenium Seacarriers*, 458 F.3d at 96); *In re KG Winddown, LLC*, 628 B.R. 739, 746 (Bankr. S.D.N.Y. 2021) (same). "Courts have retained jurisdiction in the following circumstances: (i) to encourage quick resolution of claims; (ii) to protect the court's injunctive power; and (iii) to promote judicial economy when the parties have invested significant resources into the case." *Boyce v. Citibank, N.A.*, No. 15-CV-7408, 2017 WL 87066, at *5 (E.D.N.Y. Jan. 10, 2017), *aff'd sub nom. In re Boyce*, 710 F. App'x 44 (2d Cir. 2018).

As to the first *Porges* factor, judicial economy, courts that "retained post-dismissal jurisdiction" normally do so when "those courts had invested significant judicial resources in the related adversary proceedings." *Leon v. Couri*, No. 98-CV-5028, 1999 WL 1427724, at *4 (S.D.N.Y. May 26, 1999) (collecting cases), *report and recommendation adopted*, 2000 WL 42204 (S.D.N.Y. Jan. 18, 2000). Here, given the relative lack of activity in the adversary proceedings and that they were "in the preliminary stages," *In re Richmond*, 580 B.R. 617, 625 (Bankr. E.D.N.Y. 2017), judicial economy weighs in favor of dismissal.[5] Similarly,

---

[5] The fact that Plaintiff's motion for summary judgment was pending neither requires the Bankruptcy Court to retain the adversary proceeding nor weighs against its decision to dismiss. Plaintiff filed his motion for summary judgment on March 4, 2024, *see generally* Motion for Summary Judgment, Mongiello v. HSBC Bank USA NA, No. 23-7032 (Bankr. S.D.N.Y. Mar. 4, 2024), Dkt. No. 13, and an amended motion two days later, *see generally* Amended Motion for Summary Judgment, Mongiello v. HSBC Bank USA NA, No. 23-7032 (Bankr. S.D.N.Y. Mar. 6, 2024), Dkt. No. 14. The HSBC Proceeding was dismissed on March 18, 2024. *See* HSBC Adversary Dismissal. Appellant characterizes his motion as "undisputed," (*see* Appellant Reply

13

inconvenience is minimal and dismissal would not be unfair considering that Appellant and all Appellees are parties in the parallel actions before the Court. *See Mongiello v. HSBC Bank USA NA*, No. 24-CV-2291 (S.D.N.Y.); *Mongiello v. IndyMac Bank*, No. 24-CV-2290 (S.D.N.Y.). Comity, or the consideration that "[i]t is the proper function of state courts to adjudicate state law claims where diversity of citizenship is lacking," *W. Vernon Energy Corp.*, 2006 WL 1982772, at *4, weighs in favor of dismissal as Appellant should not be "allowed to utilize the [b]ankruptcy [c]ourt's jurisdiction to attempt to circumvent [state court] determinations," *In re Boyce*, 710 F. App'x at 47; *cf. In re Feinberg*, 442 B.R. 215, 226 (Bankr. S.D.N.Y. 2010) (in deciding to retain jurisdiction, finding "as a matter of comity that [the bankruptcy court] should not allow a mostly litigated lawsuit . . . to start anew in another [c]ourt); *In re Garnett*, 303 B.R. 274, 280 (E.D.N.Y. 2003) (finding that retention of jurisdiction was not warranted where "comity was not served by the Bankruptcy Court's purported exercise of jurisdiction . . . as the state court action had been fully litigated and was . . . on the very verge of resolution"). Finally, as to Appellant's arguments to the contrary, none suggests "a finding that [the Bankruptcy

---

8), but this is not a fair characterization considering that Appellee had just 12 days between the filing of the amended complaint and the adversary proceeding's dismissal in which it could have opposed Appellant's motion. The pending motion for summary judgment is simply another factor that weighs in the Court's consideration of judicial economy, and here it does not weigh in favor of the Bankruptcy Court's retention of the adversary proceeding. *Cf. In re Salman*, No. 14-22017, 2016 WL 11728990, at *3 (Bankr. S.D.N.Y. Nov. 7, 2016) (finding that the *Porges* factors weighed in favor of retaining jurisdiction over the adversary proceeding "to rule on [pending] motions" that "were all briefed and argued before the . . . bankruptcy [case] was dismissed"); *In re Adelphia Commc'ns Corp. Sec. & Derivative Litig.*, No. 03-MDL-1529, 2010 WL 4910223, at *1 (S.D.N.Y. Nov. 22, 2010) (finding that judicial economy weighed in favor of dismissal because it "[would] not waste resources already expended by the parties," that "[a]ny completed discovery can be used in state courts," and that the parties were not "being unfairly required to relitigate anything." (citing *In re Porges*, 44 F.3d at 163)).

Court's] dismissal order was based on an error of fact or law or that it reflected an abuse of discretion." *Pal Fam. Credit Co. v. Cnty. of Albany*, 425 B.R. 1, 8 (N.D.N.Y. 2010).

The Bankruptcy Court did not make explicit findings as to the four *Porges* factors. *See generally* HSBC Adversary Dismissal; IndyMac Adversary Dismissal. But the court was under no obligation to do so, *see Bromfield*, 2019 WL 1011320, at *3, and the Court finds that the Bankruptcy Court did not abuse its discretion in dismissing the adversary proceedings because "the adversary proceeding[s] w[ere] redundant," "maintaining [them] would harm the interests of judicial economy," "there was nothing to indicate an unfair result would ensue from dismissal of the adversary proceeding[s]," and "that the [issue] underlying the dispute among the parties was an issue of [New York] law for which comity would be best served by deferring to [New York's] courts," *id.*

### III. Conclusion

For the reasons set forth above, the appeals are denied and the orders of the Bankruptcy Court are affirmed. The Clerk of the Court is respectfully directed to close the cases.

SO ORDERED.

Dated:  March 31, 2025
        White Plains, New York

KENNETH M. KARAS
United States District Judge